IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROSATI, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MARKETO, INC. et al.,<br><br>    Defendants. | No. C 16-03907 CW<br><br>ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION |

    Plaintiff Robert Rosati moves for a temporary restraining order and order to show cause regarding a preliminary injunction (Docket No. 7). Defendants Marketo, Inc. et al. filed a memorandum of points and authorities in opposition to Plaintiff's motion. Having considered the motion, memoranda of points and authorities, the proxy statement, the merger agreement and related filings, the Court DENIES Plaintiff's motion. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 24 (2008).

    Plaintiff fails to demonstrate a likelihood of success on the merits by relying on the proxy statement, because the proxy statement discloses the fact of discussions between Marketo management and Vista and cautions shareholders that directors and executive officers may have different interests than shareholders. See Declaration of Adam C. McCall, Ex. B, Proxy Statement at 56-57; Arnold v. Soc'y for Sav. Bancorp, Inc., 650 A.2d 1270, 1277-81 (Del. 1994); In re Family Dollar Stores, Inc. Stockholder Litig., 2014 WL 7246436, *20 (Del. Ch.); Mendell v. Greenberg, 927 F.2d 667, 678-79 (2d Cir. 1990). Nor does Plaintiff demonstrate a

likelihood of irreparable harm if a temporary restraining order does not issue.  To the extent Plaintiff alleges that the offer price is inadequate, Plaintiff seeks to rescind the transaction or damages "in the event the transaction is consummated before the entry of this Court's final judgment," Complaint ¶ 117(D).  See Herring v. Rite Aid Corp., 2016 WL 401026, at *4 (M.D. Pa.).  The Court also notes Plaintiff's delay; despite Marketo filing its preliminary proxy statement with the SEC on June 13 and its definitive proxy statement on June 29, Plaintiff filed this action on July 12 and this motion for a temporary restraining order on July 21.  Next, the balance of hardships tips against delaying the vote for more disclosures because of the uncertainty that would follow such a decision and the risk of other shareholders being deprived of a significant premium if the transaction is not completed.  Further, although the Court recognizes the interest in an informed shareholder vote, it also recognizes "a significant public interest in giving parties to potential mergers confidence that courts will not enjoin such mergers where the requisite showings that support preliminary injunctive relief are absent," Litwin v. OceanFreight, Inc., 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011).

    Accordingly, the Court DENIES the motion for a temporary restraining order and order to show cause regarding a preliminary injunction with regard to the July 28 shareholder vote.

    IT IS SO ORDERED.

Dated: July 26, 2016

_____
CLAUDIA WILKEN
United States District Judge

2